Maxine Williams WILKERSON,
Appellant,

v.

C. K. WILKERSON, Appellee.

No. 761.

Court of Civil Appeals of Texas,
Tyler.

Sept. 19, 1974.

Wilson, Miller, Spivey, Sheehy & Knowles, Murph Wilson, Tyler, for appellant.

Tyner, Bain & Tyner, J. W. Tyner, Tyler, for appellee.

MOORE, Justice.

Appellant, Maxine Williams Wilkerson, instituted this suit against appellee, C. K. Wilkerson, seeking a divorce and a division of the estate of the parties. After a trial before the court, sitting without a jury, judgment was entered dissolving the marriage and dividing the property. Appellant, Maxine Williams Wilkerson, duly perfected an appeal, but limits her complaint on this appeal to the division of the property.

The division made by the trial court, together with the value of each item of property, is as follows: appellant, Maxine Williams Wilkerson, was awarded (a) the home valued at $75,000.00; (b) one 1969 Cadillac, automobile valued at $6,800.00; (c) one 1969 Plymouth automobile valued at $2,400.00; (d) one 1971 Pontiac Firebird automobile valued at $4,409.00; (e) one Fiat automobile valued at $1,-212.00; (f) 60 shares of Braniff stock valued at $1,326.64; (g) 25 shares of Mages Sporting Goods stock valued at $30.00; (h) one share of Tyler Swim Club stock valued at $350.00; (i) all household goods and furniture valued at $4,295.00; (j) cash, savings accounts, bonds and interest thereon valued at $131,832.81; (k) 397 shares of Sears Roebuck stock valued at $45,500.00; and (l) ½ of interest accrued on all bonds and savings accounts from February 28, 1973, to date of judgment of the value of $18,804.89, of the total value of $291,960.-34. Appellee, C. K. Wilkerson, was awarded (m) 440 acre farm in Van Zandt County valued at $66,000.00; (n) all livestock and cattle valued at $4,687.00; (o) all farm equipment valued at $3,091.67;

(p) one 1968 Ford pickup valued at $1,200.00; (q) 397 shares of Sears Roebuck stock valued at $45,500.00; and (r) ½ interest on all bonds and savings accounts accrued from February 28, 1973, to date of judgment of the value of $18,804.-89, of the total value of $139,283.56.

The record reveals that during the marriage, appellant inherited certain oil royalties producing an income of approximately $2,000.00 per month. The court awarded this property to appellant and there is no dispute as to title to her royalty interests. Excluding the oil royalties and accrued interest on the bonds and savings accounts, the trial court found that the total value of all assets owned by the parties amounted to $431,443.92.

In response to appellant's request, the trial court filed extensive findings of fact and conclusions of law. Among other things the court found that items (b) through (i) were purchased and paid for solely from funds owned by appellant as her property but made no specific findings that such items constituted appellant's separate property. The trial court further found that all other items of property listed above constituted community property in that they were purchased partly with funds supplied by appellant's separate estate and partly with funds from the community estate. By other findings the trial court sets forth the specific amounts supplied by appellant's separate estate in the purchase of each of the various items of community property.

■ By points three through nineteen appellant complains of the trial court's findings of fact. In these points she asserts that the trial court erred in refusing to find that items (a) through (j) constituted her separate property. The points are overruled. As will be noted above, appellant was awarded items (a) through (j) as her separate property in the court's judgment. The error of the trial court, if any, in failing to specifically state in the findings that such property was her separate property is therefore immaterial and harmless. Rule 434, Texas Rules of Civil

Procedure. By her twentieth point, appellant urges that the trial court erred in the division of the community property because the amount awarded her was so disproportionate and inequitable as to amount to an abuse of discretion. We are not in accord with this proposition.

■■ In her statement under this point appellant sets forth each item of community property and calculates the net value of the community. According to her calculation, the net value thereof, after deducting all reimbursements to her separate estate for funds expended in purchasing the property, amounts to $207,379.25. We shall accept this figure as being correct. She then argues that her separate estate was entitled to an additional reimbursement in the sum of $9,529.22 for separate funds advanced to the community to liquidate a loan on a house and lot owned by the parties and a reimbursement of $34,962.31 for separate funds placed in a joint bank account called the "Farm Account." Then, after deducting these additional reimbursements, she calculates that the community estate had a net value of $162,888.00. After subtracting the total value of the community property awarded appellant in the amount of $119,278.00, she calculates the share of the community property awarded her to be the sum of $43,610. She contends this to be an unjust and inequitable division. We do not agree with appellant's contention that she was entitled to the reimbursement for the $34,962.31 item. First, there is no finding that the funds were traced to the purchase or improvement of any property but were apparently comingled, and secondly, there is no finding that appellant was entitled to be reimbursed for this item. It must therefore be presumed, in support of the judgment, that appellant's separate estate was not entitled to reimbursement for the $34,962.31. As a result we calculate the net value of the community estate at $197,850.31. Using this figure appellee was awarded property of the value of $119,-278.00 and appellant was awarded community property of the value of $78,572.31. But, even though appellant's calculation be ac-

cepted as correct, under the record before us, we do not believe an abuse of discretion was shown.

Section 3.63 of the Family Code, V.A.T. S., provides:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

 It is well established that Texas divorce courts are given wide discretion in making a division of the estate of the parties. Equal division is not required. Upon appeal it must be presumed that the trial court exercised its discretion properly and the cause will be reversed only where there is a clear abuse of discretion. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); Bell v. Bell, 513 S.W.2d 20 (Tex.Sup. 1974); In re Marriage of McCurdy, 489 S.W.2d 712 (Tex.Civ.App., Amarillo, 1973, writ dism.); Harrison v. Harrison, 495 S. W.2d 1 (Tex.Civ.App., Tyler, 1973, n. w. h.).

The statute clearly vests discretion in the trial court in determining the proper division of the community estate of the parties.

 In the exercise of this discretion, the court may consider, among other things, the age and physical condition of the parties, their relative need for future support, fault in breaking up the marriage, benefits the innocent spouse would have received from a continuation of the marriage, the size of the estate and the relative abilities of the parties. Hudson v. Hudson, (Tex.Civ.App.) 308 S.W.2d 140; Duncan v. Duncan, (Tex.Civ.App.) 374 S. W.2d 800; Middlesworth v. Middlesworth, (Tex.Civ.App.) 380 S.W.2d 790; Pickitt v. Pickitt, 401 S.W.2d 846 (Tex.Civ.App., Tyler, 1966).

In his conclusions of law, the trial court concluded as follows:

"After considering the facts and circumstances of this case, including the community and separate property charac-

ter of each asset, benefits that each would have derived from the estate of the other through a continuation of the marriage, the cause of the parties separation or the conduct which contributed to the breakup of the marriage, the disparity and earning powers and business opportunities, capacities, and abilities and the relative conditions of the parties and the size of their separate and community estates, I conclude that the division of the estate and assets of the parties as set forth in the Judgment is just, right, fair and equitable, having due regard for the rights of each party * * * ."

Under the circumstances presented in the record, we do not believe the division made by the court was so disproportionate as to constitute an abuse of discretion.

By her first and twenty-first points, appellant contends the trial court erred in finding that the Van Zandt County farm was community property. Since the trial court found that $20/26$ of the purchase price was paid from her separate funds, she contends she should have been awarded a $20/26$ undivided interest in the title as her separate property. She further contends that since this was real property the trial court had no authority to divest her of title to her separate real estate.

The trial court found that by virtue of tracing of funds, appellant successfully proved that the sum of $20,092.00 of her separate funds was used in the purchase of the farm costing $26,115.00. The evidence shows that the farm was deeded to the parties during the marriage sometime in March, 1960. It is without dispute that part of the purchase price was paid with community funds.

In Gleich v. Bongio, 128 Tex. 606, 99 S. W.2d 881, the Texas Commission of Appeals said:

" * * * It seems to be the rule in some jurisdictions that property purchased partly with community funds and partly with separate funds of one of the spouses falls into the community, but in Texas it has long been established that

such an acquisition has the effect of creating a kind of tenancy in common between the separate and community estates, each owning an interest in the proportion that it supplies the consideration."

The court in the foregoing case cites Goddard v. Reagan, 8 Tex.Civ.App. 272, 28 S.W. 352, holding that when property is purchased partly with separate funds and partly with community funds, the title acquired by each of the respective estates is an equitable title. The court said: "As $300 of the price paid for it was common funds, and $700 the separate funds of the wife, the equitable title in a three-tenths interest vested in the community estate, and seven-tenths in the wife. Heidenheimer v. McKeen, 63 Tex. 229; Parker v. Coop, 60 Tex. (111) 117." Thus, in the present case, a $\%_{26}$ equitable interest vested the community estate and $^{20}\%_{26}$ equitable interest in the wife's separate estate.

But the mere fact that appellant's separate estate was vested with an equitable interest, did not require the trial court to set apart to her an undivided $^{20}\%_{26}$ interest in the title to the land. In her suit for divorce and division of property, appellant, in effect, called on the court to partition the farm land. In so doing, the court was authorized to partition the land in kind or to divest her of her equitable title and reimburse her for the value thereof out of the community estate. In Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935), a similar fact situation was presented. The question was raised as to whether the trial court had the power to divest the wife of her equitable title to real estate purchased partly with her separate funds. While the case is probably distinguishable in that the court there treated the property as community property, contrary to the later holding in Gleich v. Bongio, supra, nevertheless we think the following language used by the court in *Dakan* in divesting the wife's equitable title serves to explain why we believe the court in this case was authorized to divest appel-

lant of title to her separate equitable interest in the land in question. We quote:

"* * * In this case there arises the necessity for an accounting between the estate of G. W. Dakan acquired during a prior marriage and the community and separate estate of his second marriage. The relation of the parties in such a case is held to be that of tenants in common, and the well-settled rules governing that relation will mainly apply. 23 Tex.Jur., sec. 159, pp. 190, 191. * * *"

\* \* \* \* \* \*

"* * * The cases recognizing the general right of reimbursement between estates will disclose that the right of the estate claiming and entitled to reimbursement is not a fixed right or title in the property sought to be charged, but is an equity. What is that equity, and how and when is it to be enforced? These are the questions presented here for decision. We admit that they are not free of difficulty. The decisions have correctly classified the right of the one making such advancement as an equity, and the final determination of the rights of the respective parties is to be determined upon equitable principles as to the amount of reimbursement, as well as the means of enforcing the same. * * *"

Thus, we believe the trial court was authorized to partition the land, and in so doing had authority to divest appellant of her equitable interest in the farm land. While the trial court's finding that the farm land was community property may have been erroneous, the error, if any, was immaterial and harmless. Rule 434, T.R. C.P.

From what we have said, it should now be self evident that we do not agree with appellant's contention that Section 3.-63 of the Texas Family Code limits the trial court's authority to a division of the community property only, and that the divorce courts are prohibited from divesting a party of the equitable title to separate real property. The statute directs the court to make a division of "the estate of the parties." Had the legislature intended

to limit the court's authority only to a division of the community property, it could have easily so provided. In the cases decided since the effective date of Sec. 3.63 of the Family Code, the courts have held that the statute authorizes a division of any and all of the property of the parties, separate or community. In re Marriage of McCurdy, supra; Medearis v. Medearis, 487 S.W.2d 198 (Tex.Civ.App., Austin, 1972, n. w. h.); Schreiner v. Schreiner, 502 S.W.2d 840 (Tex.Civ.App., San Antonio, 1973, writ dism.). If the foregoing cases are authoritative, and we believe they are, then the trial court, without doubt, was authorized to divest appellant of her equitable interest in her separate property.

Other points brought forward by appellant, including these points challenging the judgment as being against the overwhelming weight and preponderance of the evidence, have been considered and are overruled.

The judgment is affirmed.