**Wanda BURNS, Appellant,**

v.

**Frank BURNS, Appellee.**

**No. 15583.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 8, 1976.

Rehearing Denied Oct. 6, 1976.

Roberts & Schroeder, New Braunfels, for appellant.

A. J. Saegert, Seguin, for appellee.

KLINGEMAN, Justice.

This is a divorce case, but the herein appeal involves only the property division provided for in the judgment. Trial was to the court, who granted appellant's petition for divorce and made a division of the property, awarding appellant various properties, including an automobile, a mobile home, a savings account in the amount of $6,504.45, various stocks, and other personal items, and awarding appellee other properties, including a 99.97-acre tract of land. At the time of the divorce there were no children under eighteen years of age born to or adopted by the marriage.

By two points of error appellant asserts that the trial court erred in (1) setting aside the 99.97-acre tract to appellee in the division of the property because such tract was purchased totally from the separate funds of appellant; (2) setting aside such tract to appellee because appellant was entitled to a reimbursement for the funds she expended out of her separate property for such tract.

Appellant and appellee were married on August 25, 1967. Appellant is forty-four years of age, a college graduate, and is a registered nurse. Appellee is sixty-one

years of age and has a fifth grade education. Both were gainfully employed during the marriage, each receiving about the same wages, and their community paychecks from the years 1967 to 1972 totaled over $90,000.00. The 99.97-acre tract here involved was purchased by appellant and appellee during the marriage on February 12, 1970, with both appellant and appellee being the grantees in the deeds of conveyance. The consideration shown in the deed is the sum of $20,000.00, of which $5,600.00 was a cash down payment, and the balance of the consideration, aggregating $14,-600.00, was a vendor's lien note executed by both appellant and appellee, payable in deferred installments.

■ Article 5.02 of the Tex. Family Code Ann. (1975) provides that property possessed during or on dissolution of marriage is presumed to be community property. In order to overcome this presumption, the party asserting separate ownership must clearly trace the original separate property into the particular asset on hand during the marriage. Our Supreme Court, in *McKinley v. McKinley*, 496 S.W.2d 540 (Tex.1973), stated:

> In *Tarver v. Tarver*, 394 S.W.2d 780 (Tex.1965), this Court reiterated the basic presumption that all property possessed by a husband and wife when their marriage is dissolved is their community property. At the time *Tarver* was decided the presumption was created by Article 4619, Sec. 1, Vernon's Texas Civil Statutes, and the presumption remains by the clear language of Section 5.02 of the Family Code, V.T.C.A.: 'Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.' It is the general rule that to discharge the burden imposed by the statute a spouse, or one claiming through a spouse, must trace and clearly identify property claimed as separate property, *Tarver v. Tarver, supra; Wilson v. Wilson*, 145 Tex. 607, 201 S.W.2d 226 (1947); *Chapman v. Allen*, 15 Tex. 278, 283 (1885). It is further well settled that when the evidence shows that sepa-

rate and community property have been so commingled as to defy resegregation and identification, the burden is not discharged and the statutory presumption prevails. *Tarver v. Tarver, supra; Hodge v. Ellis*, 154 Tex. 341, 277 S.W.2d 900 (1955).

■ It is clear from a careful reading and examination of the entire record that appellant did not meet the burden imposed upon her under the applicable statutes and case decisions. While there is testimony that at the time of the marriage appellant owned a rent house in Alice and a house in New Braunfels, there is also testimony that both of these properties were heavily encumbered; that community funds were used to pay on such indebtedness, and; that improvements were made on the property out of the community. Both properties were sold during the marriage. The parties, during their marriage, acquired three parcels of real estate, all of which were conveyed to both of them as community property, and community credit was also used in the acquisition of such properties. It is clear from the testimony of both parties that appellant was in charge of the community income and was in management and control of all funds during such marriage. It was her burden to trace any separate funds she allegedly used in the purchase of the property here involved and to overcome the presumption herein above described with clear and convincing evidence. This she wholly failed to do. The trial court recognized that there had been a contribution by appellant from her separate fund to the community, but found that from the testimony and record the exact amount and extent of such was not ascertainable, and stated that in order to compensate for this, the court, in its final settlement of property, would take this into account in balancing the equities of the parties.

Appellant makes no contention herein that the property division herein was unfair, unjust, or disproportionate nor does she contend that there was any fraud involved in regard to the conveyance of the

tract here involved. Her sole complaint is of the alleged error of the court in characterizing the 99.97-acre tract as community property rather than her separate property and in not specifically characterizing her claim for reimbursement as a part of appellant's separate property.

It is noteworthy that (a) the community earnings of appellant and appellee during the marriage (wages) were in excess of $90,000.00, which could have easily provided the funds to make the down payment on the property here involved and the deferred annual payments; (b) that in addition, appellant and appellee received substantial amounts from sales of properties, which properties were acquired during the marriage and were conveyed to the parties as community property; (c) that appellant, although active in the management and control of all funds of such marriage, failed to provide satisfactory evidence showing her contributions out of her separate funds, if any, in the purchase of the tract here involved.

Under the record herein the trial court correctly characterizes the tract here involved as community property.

■ Moreover, while in a proper case a spouse may be entitled to a right of reimbursement from the community estate to the separate estate for property purchased partially with separate funds and partially with community funds, it is incumbent upon the party claiming such right to reimbursement to present satisfactory evidence showing that such party's separate funds were actually used in the purchase of the property involved. This was not done. It is clear that there was considerable commingling of separate funds and community funds during the marriage. The right of reimbursement is equitable in nature and may be considered by the court in a division of the property of the parties. It is clear from the record that the trial court took this into consideration. It is undisputed from the record that appellant was in almost complete control of the family finances during the marriage. Despite this fact, appellant failed to present any satis-factory evidence that any of her separate funds were used to purchase the tract here under dispute.

■ Although appellant makes some contention that a court cannot divest either party of the title to separate real estate, courts are vested with wide discretion and authority in the division of property in a divorce suit, and in the absence of an abuse of such discretion the trial court may divide the property, community or separate, in such a way as the court deems right and just, and it is not required that the property be divided equally. *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974); *Means v. Means,* 535 S.W.2d 911 (Tex.Civ.App.—Amarillo 1976, no writ); *Merrell v. Merrell,* 527 S.W.2d 250 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Wilkerson v. Wilkerson,* 515 S.W.2d 52 (Tex.Civ.App.—Tyler 1974, no writ); Tex. Family Code Ann., § 3.63. This Court, in *Currie v. Currie,* 518 S.W.2d 386 (1975, writ dism'd), stated:

It is well established that under Article 3.63 of the Tex. Family Code Ann. (1973), V.T.C.A., as well as the antecedent statute, the divorce court is given wide discretion in making a division of the estate of the parties, and the cause will be reversed only where there is a clear abuse of discretion. *Bell v. Bell,* Tex., 513 S.W.2d 20 (1974; [sic] *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *In re Marriage of McCurdy,* 489 S.W.2d 712 (Tex.Civ.App.—Amarillo 1973, writ dism'd). In the exercise of this discretion, the court may consider, among other things, the age and physical condition of the parties, their relative need for future support, fault in breaking up the marriage, benefits the innocent spouse would have received from a continuation of the marriage, the size of the estate and the relative abilities of the parties. *Wilkerson v. Wilkerson,* 515 S.W.2d 52 (Tex.Civ.App.—Tyler 1974).

Under the record the trial court did not abuse its discretion in the division of the property, and we have concluded that the

trial court's property division is just and right. All of appellant's points of error have been considered and all are overruled. The judgment is affirmed.