Ella Marie LOONEY, Appellant,

v.

Willis L. LOONEY, Appellee.

No. 7857.

Court of Civil Appeals of Texas, Beaumont.

Sept. 23, 1976.

Ernest L. Sample, Beaumont, for appellant.

Everett B. Lord, Beaumont, for appellee.

DIES, Chief Justice.

Ella Marie Looney (wife) sued Willis L. Looney (husband) for divorce and property division. Trial was to the court without a jury from which wife perfects this appeal, complaining only of the property division.

■ We begin this review by repeating the oft-stated rule in these attacks that Texas divorce courts are given wide discretion in making a division of the estate of the parties; equal division is not required; upon appeal it is presumed that the trial court exercised its discretion properly, and the cause will be reversed only where there is a clear abuse of discretion. *Wilkerson v. Wilkerson,* 515 S.W.2d 52, 55 (Tex.Civ.App. —Tyler 1974, no writ), and authorities cited.

■ Wife contends the court erred in failing to take into account and to consider the amount of payments during the marriage on pre-marital liens against property awarded husband as his separate property. During the six-year marriage of the parties, $19,095.15 principal was paid on three notes that had been given by husband for realty acquired prior to the marriage. We believe wife would be entitled to an accounting for these funds. *Bazile v. Bazile,* 465 S.W.2d 181, 182 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd):

"When community funds are used as purchase money for real property which is separate property of one spouse, the other spouse is entitled to reimbursement for his or her share of the community funds so paid and the reimbursement is not limited to the enhancement of the property. The enhancement limitation applies to the value of improvements placed upon separate property by the community or by separate property of the other spouse."

But we cannot agree that the trial court here ignored these payments. Almost all of the property awarded husband was previously stipulated by the parties as acquired by him before the marriage. And when we consider the items awarded wife, together with the fact that husband was ordered to pay "all debts due and owing by the parties" ($109,841.38), we find no abuse of discretion. This point is overruled.

Wife further contends that the court erred in holding that she had no pleading to support a judgment against separate property of husband and in refusing to fix a lien or award a portion of the property as reimbursement to the community for lack of adequate pleading.

■ The starting point in developing a case where the question of division of property is contested is the task of establishing the nature of the property to be divided as

separate or as community. *Cooper v. Cooper*, 513 S.W.2d 229, 232 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). The trial court has the power to invade the separate property of one spouse for the benefit of the other spouse where necessary to reach a just and fair division of property of the parties. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Cooper*, supra at 232; Tex.Family Code Ann. § 3.63 (1975).

■ We will accept wife's contention that her pleadings were sufficient to authorize the trial court to take this action. However, pleading alone is not enough. There must be some reasonable basis for doing so. *Cooper*, supra at 233.

In *Wilkerson v. Wilkerson*, supra at 55 the court says:

"In the exercise of this discretion, the court may consider, among other things, the age and physical condition of the parties, their relative need for future support, fault in breaking up the marriage, benefits the innocent spouse would have received from a continuation of the marriage, the size of the estate and the relative abilities of the parties." (Citing authorities)

This record contains no evidence to authorize the court to take this action. This point is overruled.

Wife has other points which we find without merit, and they are overruled. The decree of the trial court is affirmed.

AFFIRMED.

STEPHENSON, J., not participating.