In the Matter of the MARRIAGE OF Mildred M. BUTLER and Neal H. Butler.

No. 8366.

Court of Civil Appeals of Texas, Texarkana.

Oct. 19, 1976.

Rehearing Denied Nov. 9, 1976.

Charles M. Bleil, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

William L. Peek, Jr., Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellee.

RAY, Justice.

This is a domestic relations case. Mildred M. Butler and Neal H. Butler, husband and wife, both petitioned the District Court of Bowie County to grant them a divorce. The cause was tried to the Court without the aid of a jury, and the trial court granted appellant, Mildred M. Butler, a divorce.

Mildred M. Butler appeals from those parts of the judgment related to the division of the estate of the parties.

During his military service, Neal H. Butler was wounded and as a result receives disability pension benefits in the sum of $171.00 per month. He also receives a civil service annuity of $1,490.00 per month. At the time of the divorce hearing, appellee was fifty-five (55) years of age.

In attacks on the division of the estate of the parties in Texas the rule is

that the divorce courts are given wide discretion in making a division of the estate of the parties; equal division is not required; upon appeal it is presumed that the trial court exercised its discretion properly, and the cause will be reversed only where there is a clear abuse of discretion. *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974); *Wilkerson v. Wilkerson,* 515 S.W.2d 52 (Tex. Civ.App. Tyler 1974, no writ); *Looney v. Looney,* 541 S.W.2d 877 (Tex.Civ.App. Beaumont 1976, no writ); *Benedict v. Benedict,* 542 S.W.2d 692 (Tex.Civ.App. Fort Worth 1976, no writ).

▉ In the exercise of its discretion, the trial court may consider, among other things, the age and physical condition of the parties, their relative need for future support, fault in breaking up the marriage, benefits the innocent spouse would have received from a continuation of the marriage, the size of the estate, and the relative abilities of the parties. *Wilkerson v. Wilkerson,* supra.

The statute empowering the courts to effect a property division is Section 3.63 of the Texas Family Code which provides the following:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

This statute, and its predecessor, Article 4638, Revised Civil Statutes of Texas, have been interpreted to include all the separate personal property of either spouse within the meaning of "estate of the parties" and therefore such property is susceptible to division. *Hedtke v. Hedtke,* supra; *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App. Houston—1st Dist. 1974, no writ).

▉ The estate subject to division under Section 3.63 includes all property of the parties whether community property or separate property.

"For the purpose of doing equity, the court may award all the personal property to either spouse, and may subject the income, rents or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children." *Hedtke v. Hedtke,* supra.

*DePuy v. DePuy,* 483 S.W.2d 883, 888 (Tex. Civ.App. Corpus Christi 1972, no writ). Also see *In Re Marriage of McCurdy,* 489 S.W.2d 712 (Tex.Civ.App. Amarillo 1973, writ dism'd); *Harrison v. Harrison,* 495 S.W.2d 1 (Tex.Civ.App. Tyler 1973, no writ); *Medearis v. Medearis,* 487 S.W.2d 198 (Tex.Civ.App. Austin 1972, no writ).

▉ The method of dividing property is within the discretion of the court so long as that discretion is reasonably exercised, after taking all relevant property interests into consideration. *Reasonover v. Reasonover,* 59 S.W.2d 887 (Tex.Civ.App. San Antonio 1933, no writ); *Bell v. Bell,* supra; *Gillis v. Gillis,* 435 S.W.2d 171 (Tex.Civ.App. Fort Worth 1968, writ dism'd).

The trial court divided the estate of the parties such that it awarded appellant, Mildred M. Butler, properties worth $77,000.00 and awarded to appellee, Neal H. Butler, properties of the approximate value of $42,-000.00.

The chief complaints of the appellant are that the trial court mischaracterized the veteran's pension as separate property of appellee and that the trial court only gave the civil service retirement a "vested interest" value of $18,377.00.

▉▉ It is undisputed that appellant and appellee were married in 1937; that appellee received combat wounds in the invasion of Okinawa during World War II for which he receives a pension from the Veteran's Administration in the sum of $171.00 per month. Such income is the separate property of appellee, Neal H. Butler.[1] *Ramsey*

1. Pay for injuries resulting in disability while in the armed forces is a *pension,* and retirement

pay is payment for a status held by the retired serviceman and is an emolument of the office

*v. Ramsey,* 474 S.W.2d 939 (Tex.Civ.App. Eastland 1971, writ dism'd). Also see *Dominey v. Dominey,* 481 S.W.2d 473 (Tex.Civ. App. El Paso 1972), cert. denied, 409 U.S. 1028, 93 S.Ct. 462, 34 L.Ed.2d 321 (1972).

The civil service disability retirement pay would ordinarily be community property. In the present case, the following facts are important:

Husband marries appellant _____ 1937
Husband starts civil service work _____ 1942
Husband retires _____ 1973
Divorced _____ 1975

Since the appellee had suffered two massive heart attacks, his resulting disability entitled him to retire at age fifty-three (53) and start drawing his civil service disability retirement in the sum of $1,490.00 each month, out of which he pays income taxes of $225.00 plus hospitalization insurance. Because the appellee started his participation in the plan while he was married to appellant and because the retirement benefits vested during the marriage, the entire monthly sum paid to appellee is community property subject to division by the trial court. *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970); Dutton, The Wife's Community Interest In Her Husband's Qualified Pension or Profit-Sharing Plan, 50 Texas L.Rev. 334, 341 (1972). However, even though the entire retirement pay is community property, the trial court still had the discretion to award it all to the husband. *Smith v. Manger,* 449 S.W.2d 347 (Tex.Civ. App. San Antonio 1970, no writ).

In the instant case, appellant has failed to demonstrate that the trial court abused its discretion in dividing the estate of the parties. The trial court awarded Mildred M. Butler properties worth $77,-000.00, including the residence of the parties, and awarded Neal H. Butler $42,000.00 worth of properties plus his veteran's pension which was his separate property, and

all of the civil service disability retirement payments which were community property. Appellant insists that the trial court erred in not taking into consideration the present discounted value of the veteran's pension and the civil service disability retirement. Appellant states that appellee has a life expectancy of twenty-one (21) years beyond his present age of fifty-five (55) at time of trial and that the present value of the veteran's pension is $21,127.39 and the present value of the civil service disability retirement is $184,092.00. These figures were arrived at from expectancy tables for a man who retires for reasons *other than disability.* In this case, we have a man who is totally and permanently disabled as a result of two previous massive heart attacks. The veteran's pension and the civil service benefits terminate at appellee's death. The value of these benefits was highly speculative in view of the physical condition of Neal H. Butler, and the court so indicated. Mildred M. Butler, age fifty-six (56) at the time of trial, was gainfully employed with take-home pay of $123.00 per week or $6,396.00 per year after taxes and other deductions. The trial court had before it facts sufficient to justify the division of the estate of the parties that it decreed and we have concluded that the trial court did not abuse its discretion in making such division.

The judgment of the trial court is affirmed.

so held. *Lemly v. United States,* 75 F.Supp. 248, 109 Ct.Cl. 760 (1948). See Footnote 6, Sandbote, Military Retirement Benefits As

Community Property: New Rules From The Supreme Court?, 24 Baylor L.Rev. 235 (1972).