Norman L. **BELL**

v.

Jacqueline **BELL.**

No. B–4505.

Supreme Court of Texas.

July 24, 1974.

Rehearing Denied Sept. 24, 1974.

Rienstra, Rienstra & Dowell, John D. Rienstra, Jr., Beaumont, for petitioner.

Tom Moore Featherston, Port Arthur, for respondent.

McGEE, Justice.

This is a divorce action. The trial court granted the divorce and divided the property between the parties. The court of civil appeals, with one judge dissenting, reversed and remanded, ordering the trial court to "take the two corporations into consideration in making a division." 504 S.W.2d 610.

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Norman and Jacqueline were married in November, 1964. Bell Oil Company and Bell Oil Company of Louisiana, both incorporated and wholly owned by Norman, were in existence since about 1957. Book value of their real properties acquired be-

fore and during the marriage increased substantially during the period of the marriage. Both parties received salaries from the corporations during the marriage. Jacqueline owned a substantial separate estate at the time of marriage and continued the management of her separate estate during the marriage. All income from her separate property was treated by her as separate, not community property. Jacqueline advanced moneys to the two corporations and to Norman which were taken into account in the trial court's judgment. Likewise, all of her separate property was awarded to her in the trial court's judgment. All of Norman's stock in both corporations was irrevocably pledged to secure the payment of a promissory note payable to his former wife. This note dated June 18, 1964 is payable at the rate of $600 per month, the last payment being due in 1989. Under the trial court's judgment Jacqueline received cash deposits in savings and loan associations in excess of $30,000, a promissory note of a solvent third party bearing interest at the rate of 7½ percent per annum, having a balance due of $34,557.75, payable at the rate of $1,208.95 per month, her own separate property of approximately $150,000, and a judgment against Norman of $61,000. Norman Bell was awarded real property but it is encumbered with liens exceeding $100,000, which he was required to assume. We have balance sheets only in our records. There are no profit and loss statements that would enable us to determine the earnings (profits) from the operation of the business of the corporations.

In his findings of fact the trial court found:

"That regardless of the legal status of such corporations and the nature of the property acquired by such corporations during the marriage of the parties, the Court finds that considering the circumstances of the parties all of the stock or other interest in such corporations should be and is set aside to Norman L. Bell." 504 S.W.2d 610 at 611.

The court in its Conclusions of Law declared:

"The Court concludes that property acquired by Bell Oil Company and Bell Oil Company of Louisiana during the marriage of the parties does not constitute a part of the community estate of the parties inasmuch as said corporations were neither organized nor operated in fraud of any of the rights of Jacqueline Bell, nor are such corporations the alter ego of Norman L. Bell." 504 S.W.2d 610 at 611.

 Section 3.63, Family Code, V.T.C. A., formerly Article 4638, provides that:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

Texas courts have held that such division does not have to be equal, and appellate courts have held it must be presumed that the trial court exercised its discretion properly, and that a case should be reversed only where there is a clear abuse of discretion. In the case of In re Marriage of McCurdy, 489 S.W.2d 712 (Tex.Civ.App. —Amarillo 1973, writ dism.), the court held that equity required an unequal division of the community property be made. It is well established that Texas divorce courts are given wide discretion in making division of the property of the parties. That discretion will not be disturbed on appeal unless the court has clearly abused its discretion. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923).

We disagree with the court of civil appeals' holding that by the findings of fact and conclusion of law above set out, that the trial court has shown that it did not take the two corporations into consideration in making its division of the property. Jacqueline does not claim any right to stock in the corporations, but she seeks to have the increase in stockholders' equity occurring during the marriage to be divided equally. We interpret the finding of fact to be "that regardless of the legal status of such corporations and the nature of the property acquired by such corporations during the marriage of the parties," whether separate or community property, "the Court finds that considering the circumstances of the parties all of the stock or other interest in such corporations should be and is set aside to Norman L. Bell." In other words, the court in the exercise of its discretion awarded the corporations to the husband, Norman.

Judgment of the court of civil appeals is reversed and judgment of the trial court is affirmed.