Paul WALKER

v.

Francis Earline WALKER.

No. 5501.

Court of Civil Appeals of Texas, Eastland.

Nov. 6, 1980.

Rehearing Denied Dec. 4, 1980.

Ronald E. Walker, Jr., Amarillo, for appellant.

Charles E. Neal, Amarillo, for appellee.

DICKENSON, Justice.

The principal issue is the trial court's division of property in its decree of divorce after a nonjury trial. We find no abuse of discretion in the trial court's division.

The record is legally and factually sufficient under the tests stated by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), to support the findings of fact which were made by the trial court pursuant to Tex.R. Civ.P. 296. Those findings may be summarized as follows:

1. The appellant husband, Paul Walker, and the appellee wife, Frances Earline Walker, were married on September 25, 1949.

2. The parties separated on or about January 31, 1979, after the marriage became insupportable because of the husband's acts.

3. The children were over 18 years of age.

4. It is not possible to value in dollars and cents each item of property set forth in the Decree of Divorce because there is insufficient evidence to make such valuation.

5. The only competent evidence of the present value of the wife's savings plan, stock ownership plan, pension plan and retirement benefits (all through Southwestern Bell Telephone Company) are shown by: (1) Statement of accrued benefits in pension plan dated 7–23–79 and showing vested pension benefits of $444.30 per month at age 65 (reduced to $106.64 per month if payments begin at age 50); (2) Statement of accrued benefits in savings plan dated 7–23–79 and showing a total of $4,573.88, subject to a forfeiture of $1,253.87 if premature withdrawal is made; and (3) stock ownership statement dated 12–31–78 showing $3,805.49 value for 62.7710 shares of AT & T stock acquired in 1977 and 1978.

6. The wife inherited $3,000.00 which is her separate property.

7. The reason for the unequal division of the marital estate was the due regard for the nature of the property, relative rights

of the parties and the children, condition of the parties and their ability to make a living, the earning power capacities and abilities of the parties, and the benefits which the spouse not at fault would have derived from the estate of the other spouse from a continuance of the marriage.

The record shows that the parties were married for almost 30 years prior to their separation and that their two children were over 18 years of age. The wife was 47, and the husband was 49 years of age when they separated. The wife filed for divorce because the husband had been "going with other women" for an extended period of time and "had bought various ladies presents and gifts." The record also shows that the husband often bet on horse races. The wife was contributing to the college education of their 19 year old son, and the husband had refused to help. The husband earned some $16,230.00 per year at the Pantex plant, and the wife earned some $19,380.00 per year at Southwestern Bell Telephone.

After granting the divorce on September 4, 1979, the court awarded the wife most of the household furniture, all of the employee benefits with Southwestern Bell Telephone (including retirement benefits, savings plan and stock ownership plan), three small savings accounts, a 1972 Volkswagon, half the AT & T stock, half the U.S. savings bonds, $3,000.00 as her separate property, a small bank checking account, her clothing and personal property, and the equity in the family home.

The husband was awarded a 1975 Lincoln Mark IV, a 1967 Pontiac, half the AT & T stock, half the U.S. savings bonds, a coin collection valued at $3,000.00 to $3,500.00, his bank checking account, 50 shares of Devcon International stock, 20 shares of United Scientific stock, 200 shares of Schlitz Brewing Co. stock, his clothing and personal property, the savings account of $15,266.00, less the wife's $3,000.00 award of her inherited money which had been put in that account by the husband, and miscellaneous items which had been requested by the husband.

■ The appellant husband has briefed fourteen points of error. We sustain point 13 which states that the trial court erred in failing to include in its Decree of Divorce the husband's Pantex Retirement Plan. The decree failed to list the husband's retirement benefits at Pantex, but the statement of facts contains the trial court's ruling in open court that the husband's Pantex plan benefits would be awarded to him. The wife's brief concedes that these benefits should be awarded to the husband. This error will be corrected by modifying the Decree of Divorce to award the Pantex plan benefits to the husband.

■ Point 14 argues that the trial court erred in awarding a community asset to a non–party. This point is overruled because the husband agreed in open court that the 1971 Chevrolet could be given to the 19 year old son.

All other points of error have been considered, and they are overruled. In discussing the division of property in a decree of divorce, our Supreme Court stated in *Bell v. Bell*, 513 S.W.2d 20, at 22 (Tex.1974):

> Texas courts have held that such division does not have to be equal, and appellate courts have held it must be presumed that the trial court exercised its discretion properly, and that a case should be reversed only where there is a clear abuse of discretion.

■ The appellant husband has failed to show a clear abuse of discretion. See also *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *In re Marriage of McCurdy*, 489 S.W.2d 712 (Tex.Civ.App.–Amarillo 1973, writ dism'd).

■ *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976), does not require the trial court to award a percentage contingent interest in the retirement plans. It does require that the retirement benefits be considered and settled at the time of divorce, and it authorizes such an award. Those benefits are subject to division, but the trial court is not divested of its discretion to award all of the wife's retirement benefits to her and all

of the husband's benefits to him in connection with the overall division of their property, taking the entire situation into consideration. The Supreme Court specifically stated in *Cearley*, 544 S.W.2d at 666:

> We hold that such rights, prior to accrual and maturity, constitute a contingent interest in property and a community asset subject to consideration along with other property in the division of the estate of the parties under Section 3.63 of the Family Code.

The Decree of Divorce is modified by adding the Pantex retirement plan benefits to the other assets awarded to the husband. As modified, the Decree of Divorce is affirmed.