**Ardis Elaine MOORE, Appellant,**

v.

**Charles Edward MOORE, Appellee.**

No. 18464.

Court of Civil Appeals of Texas, Fort Worth.

May 21, 1981.

Maples, Blair, Maloney, DeBusk, Phillips & Lollar and Michael G. Maloney, Fort Worth, for appellant.

Staples & Foster and George A. Staples, Jr., Hurst, for appellee.

OPINION

MASSEY, Chief Justice.

This is a divorce case in which the property settlement has been appealed by Ardis Elaine Moore.

Focus of Mrs. Moore's dissatisfaction is the trial court's evaluation of retirement benefits earned by Charles Edward Moore, the husband. (For convenience the parties, though divorced, will be termed "husband" or "wife".) The single point of error alleges that the trial court erred in awarding husband assets exceeding $300,000.00 in value while awarding wife assets having a value of less than $30,000.00. Husband replies to this point of error with three counterpoints, (1) that the trial court did not err in its division of property; (2) that wife failed to present any point of error concerning the court's refusal to grant a new trial, and (3) that she failed to present evidence at the hearing of her motion for new trial which would show any abuse of discretion of the court in its denial.

We affirm.

The Moores were divorced on grounds of irreconcilability after twenty-five years of marriage. Custody of the one child still a minor was awarded to the wife. Costs in the suit were ordered to be paid by the party incurring them. Personal property was divided item-by-item, with no appeal from the approximately equal division. Certain personal property was awarded to the children. Retirement benefits were awarded to the employee earning them. The house, having an equity of $28,000.00, was awarded to husband, with the sum of $6,000.00 to be paid immediately to the wife. A deed of trust on the homestead of the couple was to be executed in wife's favor for $14,000.00, payable in monthly installments of $300.00 each, including the interest of 9% per annum. Each party received an automobile, bank accounts held by each since the separation, and insurance policies. The husband's earnings are approximately $27,000.00 per year; the wife's are approximately $14,000.00 per year (as a teacher).

By motion for new trial, with two subsequent amended motions for new trial, the wife has contended that the trial court erred in divesting her of the home, and in awarding to the husband all retirement benefits that he had accrued.

We consider only that evidence presented at trial on the merits in testing whether there was abuse of discretion in the property division. The wife testified that she had paid into the teacher retirement system approximately $3,860.00 as of the time of the court-ordered appraisal of assets (which by the time of the trial had increased to approximately $5,500.00). She testified that the husband, if he continued to work at General Dynamics, as for the past 24 years and until retirement at age 65 (in the year 2000), he would be entitled to a total of $197,175.00. (She did not testify with certainty as to whether this figure included social security, insurance, or the dollar amount her husband had contributed to it.) She also testified that she would be willing to give up the claim on the husband's retirement if he would give up his claim on the house and that she felt that the values would be offsetting, or in other words, approximately equal.

The husband testified that he had paid approximately $3,500.00 or $3,600.00 into his retirement program and that if he were to be terminated at that time, he would receive $360.00 per month at age 65, which would not include social security. On a cash settlement basis in the event he did not continue in employment at the same company, he could withdraw that amount which he had put into the plan. He also testified that the related insurance was a declining plan and that by retirement the insurance would no longer be in existence. Since he was not a salaried employee when he first began work, he participated in the plan for only 19 of the 24 years he had worked for that company. The husband testified that he believed that his wife had paid approximately $5,500.00 into the teacher retirement system, which she could withdraw in the event she chose to discontinue participation in the program. He was unaware of any projection as to what her benefits would be on retirement. Evidence submitted at the trial level, including that concerning the differences in earnings of the parties, support the trial court's division of property.

By her motion for new trial, the wife attempted to place before the court additional testimony, that of an expert, concerning the value that her husband's retirement program, both now and in the future as contingent on his continued participation. Such evidence, if proper to be considered, would indicate a higher value for his retirement benefits than was shown to the court during the trial. This evidence cannot be considered by this court on appeal. The trial court did not consider it, or so we might believe for new trial was denied. It was inadmissible for the purpose of testing evidence at trial on the merits.

We next refer to the husband's third counterpoint, that appellant—the wife, Mrs. Moore,—had failed to present evidence at the hearing on motion for new trial which would show any abuse of discretion of the court in failing to grant a new trial. Such evidence, obviously having been available to be used by the wife at the trial on the merits, cannot suffice as grounds for a new trial when offered at the new trial hearing. There was no indication that the husband had failed to submit all requested information concerning his retirement program prior to trial of the case. The trial court did not err in overruling the motion for new trial.

The Supreme Court recently held in *Murff v. Murff*, 24 Tex.Sup.Ct.J. 356, 359, 615 S.W.2d 696 (1981) that the trial court could evaluate the pension plans under the circumstances based upon the difference in benefits, the amounts of contributions, the expected benefits, and other relevant information; further, that the trial court has wide latitude and discretion in its division of property.

We quote from *Murff v. Murff*: "Numerous courts of civil appeals decisions have recognized that a trial court may consider the disparity of incomes or of earning capacities of the parties in dividing the estate of the parties. The cases cited in the margin recognize that community property need not be equally divided. In exercising its discretion the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974). These cases further indicate that the trial court may consider such factors as the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. We believe that the consideration of such factors by the trial court is proper in making a 'just and right' division of the property. Likewise, the consideration of disparity in earning capacities or of incomes is proper and need not be limited by 'necessitous' circumstances.... (citing cases)"

Under the circumstances of this case, as displayed by the trial record, we find no abuse of discretion by the trial court.

Judgment is affirmed.