Lorellis K. Sherrill HARDIN, Appellant,

v.

Carl C. HARDIN, Jr., Appellee.

No. 04–82–00468–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 31, 1984.

Abraham D. Ribak, San Antonio, for appellant.

Roy R. Barrera, Sr., Nicholas & Barrera, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

CADENA, Chief Judge.

Appellant, Lorellis K. Sherrill Hardin, complains of those portions of a divorce decree dividing the property between her and appellee, Carl C. Hardin. We affirm.

The trial court characterized as appellee's separate property the beneficial interest in a Texas Dental Association Trust created by the Dental Association on January 13, 1979. Appellee is the beneficiary of such trust, and the trial court determined that the benefits from the trust were a gift to appellee by the Dental Association. Appellant asserts that this characterization of the beneficial interest in the trust as the separate property of appellee was error.

Appellee, a licensed attorney, acted as legal consultant to the Dental Association for a period of approximately 33 years. During this same period he was employed by the Board of Dental Examiners of the State of Texas. A question concerning a possible conflict of interest resulting from the two employments was resolved by appellee's resignation in 1978 as legal consultant to the Dental Association. After appellee had terminated his employment with the Dental Association, the board of directors of the association created the trust in question. The preamble of the trust agreement contains a reference to appellee's past services and an expression of the Dental Association's appreciation. Under the terms of the trust agreement, the trustee is directed to make periodic payments to appellee, beginning at the time appellee terminates his employment with the state agency and continuing for five years or until the death of appellee, whichever event occurs first. If the trust terminates because of the expiration of the 5-year period, the corpus is to be distributed to appellee. If the trust terminates because of the death of appellee, the corpus is to be paid in accordance with the terms of appellee's will or, if he dies intestate, in accordance with the statutes of descent and distribution.

We agree that appellee's interest in the trust was properly characterized as his separate property.

Since the interest in the trust was acquired by appellee during the marriage, it must be considered to be community property unless he acquired it by gift, devise or descent. TEX.FAM.CODE ANN. § 5.01 (Vernon 1975). Since it is clear that the interest was not acquired by devise or descent, we need only concern ourselves with determining whether it was acquired by gift.

At the time that appellee retired, the employer had no pension, retirement or profit-sharing plan. The trust was not created because of any contract, express or implied between appellee and the employer. It was not a part of the contemplated consideration for the services rendered by appellee. The trust was created, after appellee had retired, in appreciation for appellee's previous long service which appellee had rendered without any basis for expecting anything other than his regular salary or retainer as long as he continued in such employment.

The trust was not in existence at the beginning of appellee's employment, nor did it result from a promise to pay after a definite period of service. The payments to appellee from the trust cannot be treated as part of his salary which was deferred until appellee had served the employer for any stated period of time. Since the em-

ployer was under no obligation to establish the trust or to make any payments to appellee at the time of his retirement, appellee's interest in the trust can only be regarded as a gratuity.

There are, of course, many cases holding that benefits paid upon retirement are not to be characterized as gifts which would constitute the separate property of the recipient even though the employee had made no monetary contributions into the retirement or pension plan. *Herring v. Blakely*, 385 S.W.2d 843, 846 (Tex.1965); *Mora v. Mora*, 429 S.W.2d 660, 662 (Tex.Civ.App.—San Antonio 1968, writ dism'd). In all such cases, the retirement or pension plan was in existence either at the time the retiree began his employment or was initiated before the employee retired. In such cases it can justifiably be said that the recipient's interest in the retirement plan is an earned property right. Since it is an earned property right, it is a right which the employee can enforce and which the employer is obligated to recognize by making the payments called for by the plan when the employee has worked for the required period of time.

Retirement and pension plans are designed to decrease employee turnover, to meet competition from other employers and to increase incentive. These benefits to the employer are considered sufficient consideration to remove the payments under such plans from the category of gifts. In the case before us the employer received no such benefits, since there was never any plan during appellee's term of service which might be considered an inducement for him not to change employment. The creation of the trust was not designed to secure any such benefits for the employer. The creation of the trust after appellee had retired was, clearly and simply, a gift from which the employer could receive no benefit. *See Daigre v. Daigre*, 228 La. 698, 83 So.2d 906 (1955) (on rehearing).

The record does not support appellant's contention that the trial court abused its discretion in failing to award her an interest in other retirement benefits received or earned by appellee.

Appellee was receiving $2,198.25 each month from the Texas Employees' Retirement System, based upon more than 41 years service as a state employee. Appellant, at the time of trial, had retirement accounts which had a combined value of $52,000.00. A portion of appellee's retirement benefits, representing 20 years and two months of service, accrued or was earned during the marriage. The trial court awarded the retirement benefits to the person who had earned them.

■■■ Less than one-half of appellee's retirement benefits, other than those attributable to the dental association trust, were earned during the marriage. All of appellant's benefits were earned during the marriage. At the time of trial appellee was 67 years old and had retired. Appellant was 60 years old and she was receiving an income, and adding to her retirement benefits, as a professor of dentistry at the University of Texas Health Science Center. Under these circumstances, we cannot say that the trial court abused its discretion in awarding to each party the retirement benefits which had been earned by each and which constituted community property. *See Murff v. Murff*, 615 S.W.2d 696, 699 (Tex.1981). Even though retirement pay is community property, the trial court may, in its discretion, award all of it to the party earning it. *Walker v. Walker*, 608 S.W.2d 326, 328–29 (Tex.Civ.App.—Eastland 1980, no writ); *Smith v. Manger*, 449 S.W.2d 347, 349 (Tex.Civ.App.—San Antonio 1970, no writ). In the absence of a showing of a clear abuse of discretion, this Court must uphold the action of the trial court. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974).

Appellant complains of the trial court's failure to allow rebuttal or cross-examination after she had rested.

During the two-day trial, appellant called nine witnesses, including appellee. Extensive testimony was heard concerning the nature and value of the various assets and liabilities of the parties. After appellant rested, appellee was called to testify by his attorney. Shortly after the direct examination of appellee began, the court interrupt-

ed and asked to see both attorneys in chambers. No further proceedings were transcribed.

The judgment recites that the case was again called on a subsequent day "for trial and final determination of the division of the property and community debts of the parties," and that the court had "further considered the argument of counsel and all testimony presented."

■ The record does not support appellant's contention that she was denied due process. She was fully allowed to present her evidence before she rested, and this evidence included testimony of appellee. It was appellee's presentation of his case that was interrupted by the trial court's request that the attorneys meet with the judge in chambers. The statement of facts ends at this point.

The record does not reflect that any rulings were made during the conference in chambers. The in-chamber discussions were not taken down by the court reporter, and appellant presents no bill of exception purporting to reflect what happened in chambers. Appellant did not request that she be allowed to again question appellee after she had, during the presentation of her testimony, questioned him extensively concerning the matters in dispute. When appellee was recalled to the stand after appellant had rested, the essence of his testimony before the trial judge interrupted was similar to the testimony elicited from him by appellant, and no new issues were raised.

There is nothing in the record to indicate that appellant intended to introduce any rebuttal testimony. There is nothing in the record which indicates the nature of such rebuttal testimony, nor does the record reflect that appellant requested an opportunity to offer rebuttal testimony. Appellant has failed to show that she was harmed in any way by the action of the trial court. TEX.R.CIV.P. 434. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 936 (Tex.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980).

*Jordan v. Jordan*, 653 S.W.2d 356 (Tex. App.—San Antonio 1983, no writ) does not support appellant's due process claim. In that case the trial court rendered judgment before either side had rested. The appealing party was given no opportunity to present any evidence whatever.

Appellant's complaint concerning the total division of the property cannot be upheld. The complaint is based on the assertion that appellee was awarded 3½ times the value of community property awarded to her. However, in arriving at this ratio appellant includes the interest in the trust which we have held was appellee's separate property, as well as the entire value of appellee's state retirement benefits, although the evidence that less than one-half of such benefits were earned during the marriage. Additionally, the comparison on which appellant relies includes only a portion of the assets of the community estate. The comparison includes only the two residences owned by the community and the retirement benefits earned by each party.

■ While there is a disparity in the value of the two residences, appellant received all the personal property in one residence and numerous items of furniture and art work located in the other residence. She also received a note in the amount of $4,437.96, and a 1981 Oldsmobile 98 Regency automobile. Three items of property, burdened with approximately $236,000.00 in debts, were awarded to appellee.

The record discloses no clear abuse of discretion.

The judgment of the trial court is affirmed.