IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-486-CV





NEPHTALI ALFARO,



 APPELLANT


vs.





LINDA ALFARO,



 APPELLEE



 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL

DISTRICT


NO. FA90-1391-C, HONORABLE DICK ALCALA, JUDGE



 





PER CURIAM

 This is an appeal from a final decree of divorce. Trial was to the court, which
rendered a judgment granting the divorce and dissolving the marriage of Linda and Nephtali
Alfaro. The trial court awarded Linda custody of the two minor children of the marriage, ordered
Nephtali to pay child support, and divided the marital estate of the parties. The trial court filed
findings of fact and conclusions of law, which neither party challenges. (1) In three points of error,
appellant Nephtali Alfaro asserts that: (1) the trial court erred in making a disproportionate
division of the community estate; (2) the trial court's division of the community estate is so
manifestly unfair and unjust as to constitute an abuse of discretion; and (3) the evidence is
insufficient to support the trial court's division of the community estate. (2) We will affirm the trial
court's judgment.



 STANDARD OF REVIEW



 In a decree of divorce the court shall order a division of the estate of the parties in
a manner that the court deems just and right, having due regard for the rights of each party and
any children of the marriage. Tex. Fam. Code Ann. § 3.63(a) (Supp. 1992). The trial court has
wide discretion in the division of property on divorce and its decision will not be disturbed on
appeal absent a clear abuse of discretion. Cockerham v Cockerham, 527 S.W.2d 162, 173 (Tex.
1975); Bell v. Bell, 513 S.W.2d 20, 22 (Tex. 1974). The appellate court must indulge every
reasonable presumption in favor of a proper exercise of discretion by the trial court in dividing
the property of the parties to a divorce action. Bell, 513 S.W.2d at 22.



 THE DIVISION OF THE ESTATE



 The trial court found that all property the parties owned was community property. 
The trial court made findings for the values of the family residence and Linda's 401K plan. 
Nephtali prepared and filed with the trial court an inventory reflecting the values of most of the
rest of the community property. The parties do not dispute the values reflected in the inventory. 
Finally, the values for a vacant lot and an income-tax return are derived from uncontradicted
evidence found in the record.

 Nephtali argues that the shares of the community estate awarded to each party are
grossly disproportionate. He contends he received ten percent of the net value of the community
estate and Linda received ninety percent. The trial court ordered the community estate divided
as follows:



NEPHTALI: 

 VALUE LOAN BALANCE/ NET VALUE

 LIABILITIES 

1. 4 Rental Properties $109,000 $99,000 

2. (1/2)Residence+ 20,000 

3. (1/2)401K Retirement++ 11,000 

4. (1/2)Lot* (3) 1,250 

5. (1/2)1990 Tax Refund* 650 

6. Dodge Dakota 13,000 13,000 

7. Miscellaneous:

 a. Visa 4,374

 b. Mastercard 5,101

 c. Credit Union (4) 4,900 

 d. Bank of The West (5) 2,500

 e. John Deere 235


 _______ ________ ________


Total Value of Assets 154,900 

Total Value of Liabilities 129,110 

Net Value of Nephtali's Estate $25,790




LINDA:

 VALUE LOAN BALANCE/ NET VALUE

 LIABILITIES 


1. (1/2)Residence+ $20,000 


2. (1/2)401K Retirement++ 11,000 


3. (1/2)Lot* 1,250 


4. (1/2)1990 Tax Refund* 650 


5. 1987 Cadillac (6) ? ? 
 

6. Furniture (7) 5,000 
 

7. Miscellaneous:


 a. Visa 2,910 

 b. Discover card 1,841 

 c. Bank of the West 2,500 

 _________ ________ ________


Total Value of Assets $37,900 

Total Value of Liabilities $7,251 

Net Value of Linda's Estate $30,649


_____________


+ Value found by trial court in finding of fact number #7.

++ Value found by trial court in finding of fact number #12.

* The values on these items are derived from uncontradicted testimony found in 
 the statement of facts. (SF pgs. 11 & 15)

 All other values are based on the inventory Nephtali filed with the court. 


 With the exception of bank account balances totalling $236, the record does not reflect the value of the remaining

 property that was divided by the court. Nor does the award of any of this property form the basis for complaint on 
appeal.

______________



 DISCUSSION AND AUTHORITIES


 The evidence refutes Nephtali's contention that he received only ten percent of the
net value of the community estate. Nephtali was awarded approximately forty-five percent of the
net value of the community estate and Linda was awarded approximately fifty-five percent of the
net value of the parties' community estate. We now determine if the trial court abused its
discretion in making this division. 

 The property division does not have to be equal. As appellant contends, the trial
court's discretion is not unlimited, however, there must be some reasonable basis for decreeing
an unequal division of the property. Factors to be considered include the disparity of the parties'
earning power, as well as their business opportunities, capacities and abilities; the parties'
physical condition, probable future need for support, and educational background; fault in
breaking up the marriage; and the benefits the innocent spouse would have received from a
continuation of the marriage. The trial court must evaluate these and other matters in determining
a just and fair division of the property. Murff v. Murff, 615 S.W.2d 696, 698-99 (Tex. 1981);
Cooper v Cooper, 513 S.W.2d 229, 233-34 (Tex. App. 1974, no writ).



A. Trial Court's Findings and Conclusions


1.  Earning Power, Business Opportunities, Capacities and Abilities of the Parties. 

 The trial court made the following findings relating to the earning power, business
opportunities, capacities and abilities of the parties:



# 5. Petitioner and Respondent are both employed at Ethicon, Inc. 


# 9. Respondent [Nephtali] has purchased, maintained and rented out
approximately four properties during the marriage.


#10. In addition to his Ethicon income, Respondent [Nephtali] earns income
from his rental property and carpentry and remodeling work he does for
others on a contract basis.


#14. Respondent [Nephtali] earns $486.00 per week gross at Ethicon and as
much as $200.00 per month on side jobs of remodeling.



2.  Probable Future Need for Support


 The trial court made the following findings and conclusions relating to probable future 

need for support:



Findings:


# 3. Petitioner and Respondent have two minor children that have resided with 
Petitioner since they were born and during separation.


# 4. Petitioner [Linda] is the best person to have primary custody of the children
and would [sic] be in their best interest.


# 7. Their home is paid for and worth about $40,000.00.


# 8. Petitioner [Linda] is in need of the home to raise the children, therefore she
is awarded the home.


#11. Each party has retirement benefits at Ethicon.


#12. Petitioner [Linda] has a Savings plan [the 401K plan] at Ethicon worth
approximately $22,000.00.


#13. Respondent [Nephtali] has incurred credit card and other debts at Ethicon
Credit Union for his business of purchasing, repairing and renting
properties.



Conclusions:


# 2. Petitioner [Linda] is a competent and reasonable person and in the best
interest of the children is named Managing Conservator.


# 3. Respondent [Nephtali] is named Possessory Conservator and ordered to pay
support in the amount of $435.00 per month.



3.  Fault in Breaking up the Marriage.


 The trial court granted the divorce on the ground of insupportability, without a
finding of fault.



B. Reasonable Basis for Unequal Property Division


 The record reflects a reasonable basis for decreeing an unequal property division. 
First, the disparity in the division is much less than appellant suggests. A property division is
seldom equal and the division in Linda's favor is slight. Next, the findings reflect a disparity
between the parties in business opportunities and capabilities. The trial court found that Nephtali
earned income from the rental properties, carpentry, and remodeling, in addition to his
employment at Ethicon. Linda has only one source of income. Finally, Linda was named
managing conservator of the two minor children and they will live with her. The burdens
involved in raising children may require greater financial need than exists when only the spouse
must be considered in a division of the marital estate.

 The trial court found that Linda needed the family residence to raise the children. 
The trial court ordered that Linda and Nephtali retain joint ownership of the residence, but that
Linda be given the exclusive use and possession of the residence so long as the children of the
parties are under the age of eighteen, unemancipated, and residing with her, or until she remarries or abandons the property. At the occurrence of any of these circumstances, she has the
option to purchase Nephtali's one-half interest in the property at then reasonable market value,
or to sell the residence and real estate with the proceeds remaining after payment of all costs of
sale to be equally divided between the parties. 

 Nephtali concedes the trial court has discretion to award possession of the home
to Linda for use by her and the children, but he complains that because the residence is the only
asset with significant equity the court's ruling is unfair. He argues this amounts to his subsidizing
Linda's housing for fourteen years and that instead Linda should have been awarded a rent house
to live in so that the residence could immediately be sold and each party receive the equity.

 The trial court had sufficient evidence on which to base its decision to set aside the
family home for the purpose of raising the children. We cannot say the trial court abused its
discretion in so doing. The need for a home in which to raise the children is a legitimate
consideration when determining how the estate of the parties will be divided. See Tex. Fam.
Code Ann. § 3.63(a) (Supp. 1992) (The trial court is required to have due regard for the rights
of the children as well as the rights of the parties when ordering a division of the marital estate
of the parties.). Furthermore, the terms and conditions the trial court imposed on Linda's use and
possession of the residence are reasonable.


 

C. Holding


 We find the record contains evidence on which the trial court could decree an
unequal property division. Appellant has failed to show the trial court erred in making a slightly
disproportionate division of the property. Thus, no abuse of discretion is shown. We overrule
appellant's first, second and third points of error and affirm the trial court's judgment. 

 The judgment of the trial court is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]


Affirmed


Filed:   April 15, 1992


[Do Not Publish]
1. [1]  Findings of fact which are unchallenged are binding upon appellant and the reviewing court. 
Gibbs v. Greenwood, 651 S.W.2d 377, 380 (Tex. App. 1983, no writ). 
2. [2]  We have examined appellant's argument and authorities under this point of error. We will
construe appellant's third point as asserting that the trial court failed to find that a reasonable
basis exists for a disproportionate property division and, therefore, abused its discretion in making
the division ordered. See O'Neil v. Mack Trucks, Inc., 542 S.W.2d 112, 114 (Tex. 1976) (rule
of liberal construction applies to points in appellant's brief; merits of error will be passed on in
light of the statement and arguments). 
3. [3]  Although Linda argues that the lot was awarded to Nephtali, the final decree of divorce does
not reflect that the trial court awarded the lot to either party. Consequently, Linda and Nephtali
hold the lot as tenants in common. Koepke v. Koepke, 732 S.W.2d 299, 300 (Tex. 1987), (citing
the rule in Busby v. Busby, 457 S.W.2d 551, 554 (Tex. 1970), that community property which
is not divided on divorce is held by the former spouses as tenants in common). Therefore, we
allocate one-half of the lot's value to each party for purposes of our review. Of course, on
division, the lot need not be equally divided. Tex. Fam. Code Ann. § 3.91 (Supp. 1992). 
4. 

 [4]  The credit union loan balance on the Dodge Dakota is reflected opposite that asset.
5. [5]  The trial court failed to allocate liability for the $5000 loan balance owed to Bank of the
West. Debts contracted during marriage are presumed to be on the credit of the community and
thus are obligations of the community unless it is shown the creditor agreed to look solely to the
separate estate of the contracting spouse for satisfaction. Cockerham v. Cockerham, 527 S.W.2d
at 171. There is no evidence in the record to rebut this presumption. Consequently, each
spouse's share of the community estate is subject to liability for the debt. The fact that the debts
are a community liability does not necessarily make them joint liabilities. Id. However, for
purposes of this appeal, we will credit one-half of the liability for the debt against each spouse's
share of the community estate.
6. [6]  The Cadillac was not included in the inventory Nephtali prepared and filed in the trial court. 
The evidence in the record is that the Cadillac was four years old at the time of the divorce
proceeding, and that approximately eleven months of payments remained on the automobile. The
amount of each monthly payment is not in evidence. On this record, Nephtali asserts the award
of the Cadillac to Linda makes the property division "even more unfair" to him. 


 There is no evidence or finding in the record regarding the value of the Cadillac. Nephtali
did not request that the trial court make additional findings. Tex. R. Civ. P. Ann. 298 (Supp.
1992). We presume the trial court properly exercised its discretion in making the property
division. Bell, 513 S.W.2d at 22. We will presume an omitted finding that the value of the
Cadillac made no significant contribution to the net value of Linda's estate. Tex. R. Civ. P. Ann.
299 (Supp. 1992).
7. [7]  The trial court awarded each party the furniture and furnishings in his or her possession and
subject to his or her control. Nephtali argues that the value of the furniture that Linda received
is $5000, which the inventory reflects is the full value for all of the furniture in the community
estate. Linda counters that there is no evidence regarding the value of the furniture she possessed
versus the value of the furniture Nephtali possessed. The trial court did not make a finding
regarding the value of the furniture in each party's possession. Even if we credit the entire $5000
to Linda, our disposition of this cause remains unchanged.