In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-334 CV


 ______________________


 

THOMAS A. SHIELDS, Appellant



V.



PATRICIA N. SHIELDS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 04-08-07009 CV






MEMORANDUM OPINION
 

 Thomas Shields appeals the property division in a divorce decree. We affirm the trial
court's judgment.

 Patricia Shields filed a petition for divorce and requested a disproportionate share of
the community estate. The trial court entered a temporary order that prohibited the parties
from "selling, transferring, assigning, mortgaging, encumbering, or in any other manner
alienating any of the property of Petitioner or Respondent, whether personalty or realty, and
whether separate or community during the pendency of this case." Thomas filed for
bankruptcy. The bankruptcy court entered an order allowing the parties to prosecute the
divorce proceeding.

 The trial court granted the divorce. As part of its division of the marital estate, the
court awarded Thomas various furnishings and personal items, any cash in his possession,
a 2004 Silverado Truck, a 2002 Corvette, 1994 Harley Davidson motorcycle, and "any and
all interest, if any, that Thomas Shields may have in [t]he business known as The Bumper
Man, Inc. . . ." The court ordered Thomas to pay the balances on the 2002 Corvette, the 2004
Silverado, and other various debts. The trial court awarded Patricia the house, various
furnishings and personal items, any cash in her possession, her teacher's retirement plan, all
life insurance policies insuring her life, and a 1988 Ford Tempo. The court ordered Patricia
to pay the mortgage on the house. Thomas claims the trial court abused its discretion in
ordering a disproportionate division of the community estate. 

 An appellate court reviews a trial court's division of property for an abuse of
discretion. Boyd v. Boyd, 131 S.W.3d 605, 610 (Tex. App.--Fort Worth 2004, no pet.). A
trial court abuses its discretion when it acts without reference to any guiding rules or
principles. Id. Findings of fact and conclusions of law were neither requested nor filed in
this case; therefore, since the case was tried to the bench, we presume the trial court made
all necessary findings to support the judgment. See id. at 611. 

 In his first issue, Thomas argues that because the trial court granted the divorce based
on insupportability and not fault, the court erred in not awarding him a proportionate share
of the community assets. In his second issue, he argues that the trial court erred in awarding
him the 2004 Silverado, the 2002 Corvette, and the Harley Davidson. In his third issue,
Thomas argues the trial court erred in awarding Patricia her retirement fund and the equity
in the marital residence. He claims this property should have been divided proportionately. 
In issue four, Thomas argues that because the divorce decree failed to mention Patricia's
separate property or her claims for reimbursement against the community estate, the trial
court could not consider these issues in determining the proper division of the community
property. We consider the issues together, as they all attack the court's division of the
property.

 In a divorce decree, a trial court orders a division of the parties' estate in a manner the
court deems just and right. Tex. Fam. Code Ann. § 7.001 (Vernon 2006). A trial court is
not required to divide the property equally. Smith v. Smith, 143 S.W.3d 206, 214 (Tex. App.--Waco 2004, no pet.). A disproportionate division must have a reasonable basis. Id. The
trial court may consider the nature of the property, as well as the parties' earning capacities, 
abilities, business opportunities, financial conditions, and obligations. Murff v. Murff, 615
S.W.2d 696, 699 (Tex. 1981). The court may also consider a spouse's dissipation of the
community estate, a spouse's misuse of community property, and a spouse's failure to obey
the court's temporary order restricting the use of community assets. Zorilla v. Wahid, 83
S.W.3d 247, 252 (Tex. App.--Corpus Christi 2002, no pet.). If the trial court determines a
spouse committed a fraud on the community, the court may award the aggrieved party a
greater share of the community estate. Schlueter v. Schlueter, 975 S.W.2d 584, 588 (Tex.
1998). 

 Bumper Man, Inc., is a car bumper repair business Thomas owned during the
marriage. A few months before Patricia filed for divorce, Thomas sold Bumper Man to his
sister for $15,000. Thomas's sister also owns Bumper King, a business with the same
address as Bumper Man. Thomas testified he works for Bumper King as a consultant and
helps his sister "learn how to run the business" and gives her advice. He testified that he
earned $500 a week, and his sister raised his income to $35,000 a year to cover the monthly
amount he pays under his bankruptcy plan. Thomas testified that he does not receive a
paycheck but uses a debit card "which comes off of [his] salary[.]" His sister manages his
money, pays his bankruptcy trustee, and makes his car and truck payments. Patricia testified
she believed that Thomas continued to operate the business. In awarding Thomas any
interest he had in the business, the trial court apparently considered the transfer of the
business to his sister to be fictitious. (1) 

 Thomas argues the trial court erred in awarding Patricia the equity in the house. To
prevent the marital residence from being lost to foreclosure, a trial court may consider the
nature of the property and the parties' ability to manage the property. Walker v. Walker, 527
S.W.2d 200, 203 (Tex. Civ. App.--Fort Worth 1975, no writ). Patricia's net income as a
teacher is $3,200 a month. She used her paychecks to pay the $1,220 mortgage and the
electricity bills, while Thomas paid for remodeling, car insurance, maintenance and repair,
and groceries. Thomas testified he works for Bumper King, but he receives no paychecks. 
He also works as an agent for a business that buys and sells cars, but he has not made any
money from the business. Thomas testified that he contributed to the household expenses
by using credit cards. 

 Patricia has a teacher's retirement plan. She testified that her retirement plan had a
balance of $45,263.73 on the date of marriage and $126,910.36 on the date of trial. Although
retirement benefits earned during marriage are generally community property that is subject
to division, the trial court may, in its discretion and as part of a just and right division of the
community estate, award the benefits to the party who earned them. See Hardin v. Hardin,
681 S.W.2d 241, 243 (Tex. App.--San Antonio 1984, no writ). 

 Patricia testified that Thomas drives the 2004 Silverado truck, and she asked the court
to award the truck to Thomas. Thomas's testimony indicated that he had possession of the
2002 Corvette, and he testified that it would not be fair to award the Corvette to Patricia. He
also testified that the bankruptcy court approved of him keeping both the 2004 Silverado and
the 2002 Corvette. The trial court did not err in awarding the truck and the Corvette to
Thomas. See Naguib v. Naguib, 137 S.W.3d 367, 375 (Tex. App.--Dallas 2004, pet. denied)
("A party to a lawsuit cannot ask something of a trial court and then complain on appeal that
the trial court committed error in granting that party's request.").

 On this record, the trial court could have reasonably determined that Thomas
transferred community property and Patricia's separate property in violation of the court's
temporary order. See Zorilla, 83 S.W.3d at 252. Patricia testified that she owned certain
personal items before the marriage and that Thomas removed these items from the house.
Thomas testified that a creditor located in Dallas took Patricia's personal items as collateral
for a debt Thomas owed. Thomas explained that he may have possession of some of the
items.

 In addition to selling his business to his sister, Thomas testified that he sold his son-in-law a 1992 Corvette, and he gave his son-in-law a trailer and a 1972 Corvette. Thomas
testified that a year before trial, he gave his son-in-law the Harley Davidson motorcycle to
satisfy a debt. Thomas complains that the trial court erred in awarding him the Harley
Davidson motorcycle. The judge as trier of fact could assess the credibility of the witnesses,
and could have reasonably found Thomas's testimony to be incredible and the transfers
fictitious. See Zagorski v. Zagorski, 116 S.W.3d 309, 318 (Tex. App.--Houston [14th Dist.]
2003, pet. denied)(The trial court is the exclusive judge of witnesses' credibility). 

 Patricia surrendered an insurance policy on Thomas's life. She had paid the premiums
from her paycheck. Thomas signed an agreement that allowed Patricia to keep the $10,000
proceeds from the surrender of the insurance policy. Nevertheless, Thomas cashed the check
and lost most of the money while gambling in Las Vegas. 

 The trial court had the opportunity to observe the parties, determine their credibility,
and evaluate the circumstances and evidence concerning the transfers of property. See
Murff, 615 S.W.2d at 700; Zorilla, 83 S.W.3d at 252. The divorce decree does not recite the
values the trial court assigned to the assets awarded to the parties. "Without evidence of the
values of the assets in the record, we cannot say that the court's division of the marital estate
was even disproportionate, much less, an abuse of discretion." (2) Redeaux v. Redeaux, No.
09-06-084CV, 2007 WL 274728, at *4 (Tex. App. - Beaumont Feb. 1, 2007, pet. denied)
(mem. op.).

 Patricia requested that the trial court award her certain separate property, and also
award her reimbursement from the community estate. The court divided the parties' marital
estate. See generally Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565, 567 (1961) ("All
marital property is . . . either separate or community."). In making a just and right division
of community property, the trial court generally may consider the size of the separate estates. 
Murff, 615 S.W.2d at 699. Patricia testified that her separate property consisted of
inheritance money and the sales proceeds from a house she owned prior to the marriage. She
testified that when the parties purchased the marital residence, she made the down payment
using money she inherited from her father. She indicated that she used her separate property
to make improvements on the house and some of the money went to Thomas's business. She
also testified that there is no money left from her separate property.

 The divorce decree reflects the trial court divided the parties' "marital estate," a term
which generally refers to the spouses' separate and community property combined. On this
record, with no showing of a divestiture of separate property, we presume that in dividing
the marital estate the trial court properly considered the separate property of both parties. 
Given the wide latitude and discretion vested in the trial court, we cannot conclude that the
trial court abused its discretion in dividing the community property. See Murff, 615 S.W.2d
at 700. We overrule appellant's four issues. The trial court's judgment is affirmed.


 AFFIRMED.

 

 

 DAVID GAULTNEY

 Justice


Submitted on June 11, 2007

Opinion Delivered September 13, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The trial court issued a letter ruling, in which the court found that the sale of the
business was "not an arm's length transaction." A pre-judgment letter does not constitute
formal findings of fact. Coleman v. Coleman, No.-09-06-171CV, 2007 WL 1793756, at *2
n.2 (Tex. App.--Beaumont June 21, 2007, no pet.) (mem. op.) (citing Cherokee Water Co.
v. Gregg County Appraisal Dist., 801 S.W.2d 872, 878 (Tex. 1990)); Beard v. Beard, 49
S.W.3d 40, 66 (Tex. App.--Waco 2001, pet. denied)).
2. Although the trial court's letter ruling stated that Bumper Man was valued on tax rolls
at $378,380, we do not rely on this as a formal finding of fact. See Coleman, 2007 WL
1793756 at *2 n.2.