COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-219-CV

 

 

BRADLEY NEAL WILKINSON                                                  APPELLANT

 

                                                   V.

 

SHANNON FLANAGAN_WILKINSON                                           APPELLEE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

Appellant Bradley Neal Wilkinson appeals from the
trial court=s division of the marital estate
in the final decree entered in his divorce case.  We affirm.

 

 








II. 
Background Facts

Bradley and Shannon were married in September
2006.  They ceased living together as
husband and wife in April 2007.  Before
the marriage, Bradley and Shannon shared a joint bank account and purchased a
Ford pickup truck and a home at 4574 Masch Branch Road.[2]  During the marriage, in addition to the Ford,
Bradley drove a Dodge pickup truck and a BMW, and Shannon drove a Ford
Expedition.  Also during the marriage,
the couple applied for and obtained a construction loan to build a barn next to
the home for Shannon=s horses.  At the time of the divorce proceedings, the
barn was unfinished and the loan proceeds had been exhausted.

At the hearing on the final divorce decree,
Shannon testified that the home was worth $225,000 and that they owed
$257,000.  She presented to the trial
court her proposal for dividing certain items of the marital estate with some
values assigned to particular items. 
Bradley also presented a proposal for dividing the estate but did not
assign any valuations.








After taking the case under advisement, the trial
court entered its final decree and divided the property, awarding Bradley and
Shannon the cash, household furniture, furnishings, fixtures, goods, art
objects, collectibles, appliances, and equipment in their respective possession
as well as life insurance policies on their respective lives.  In addition, Shannon was awarded all the
horses that she had owned before or during the marriage, the residence, the
debt on the mortgage, the Ford Expedition and the debt on the Expedition.  Bradley was awarded tools, fencing, a
twenty-foot-flatbed trailer, the Dodge and Ford pickup trucks, the BMW, the
debt on those vehicles, and two four-wheel recreational vehicles.

III. 
Issues on Appeal

In seven points, Bradley complains that the trial
court mischaracterized the house, three vehicles, and two four-wheelers as
community property and that, as a result, the trial court improperly divested
him of his separate property and failed to make a just and right division of
the community property.

IV. 
Standard of Review








A trial court has broad discretion in making a Ajust and
right@
division of the marital estate and is entitled to every reasonable presumption
that it exercised its discretion properly.[3]  Absent a clear abuse of discretion, we will
not disturb a trial court=s division of the marital
estate.[4]

Property possessed by either spouse at the dissolution
of the marriage is presumed to be community property, and a party who seeks to
assert the separate character of property must prove that character by clear
and convincing evidence.[5]  Clear and convincing evidence is an
intermediate standard falling between the preponderance standard of civil
proceedings and the reasonable-doubt standard of criminal proceedings.[6]  It is that measure or degree of proof that
will produce in the mind of the trier of fact a firm belief or conviction as to
the truth of the allegations sought to be established.[7]








Evidence rebutting the community property
presumption must generally trace and clearly identify the property as separate.[8]  The clear and convincing burden is not
satisfied when characterizing the property at issue as separate property
requires surmise or speculation by the court.[9]  Testimony that some portion of commingled
property is separate property, standing alone, is insufficient to rebut the
community property presumption.[10]








Further, as a general rule, the clear and
convincing standard is not satisfied by testimony that property possessed at
the time the marriage is dissolved is separate property when that testimony is
contradicted or unsupported by documentary evidence tracing the asserted
separate nature of the property.[11]  We resolve any doubt as to the character of
property in favor of the community estate.[12]

V. 
Analysis

A.  The House

Bradley contends that the house was his separate
property based on Shannon=s testimony that it was
purchased in AAugust of, gosh,  2005.@  It is undisputed that Shannon and Bradley
were married in September 2006.  








Shannon=s
conclusory testimony that the house was purchased in August 2005 is not
sufficient to rebut the community presumption under a clear and convincing
evidence standard.  Assuming the house
was purchased in August 2005, there is no evidence clearly establishing who
owns the house.  Although Shannon testified
that she was the one who Aactually wrote up the contract@ and
that her name is on the deed, she also stated that she and Bradley each owned
half the residence because ATexas is
a community property state.@  Neither the contract nor the deed she
referred to was offered in evidence. 
Bradley testified that the house was bought as a foreclosure in 2004,
but he did not dispute that he and Shannon shared the house equally.  To the contrary, he testified that A[w]e
owe 192 [thousand dollars] on the houseA and Awe got
quite a bit of equity [in it].@

Because the evidence does not trace and clearly
identify the house as Bradley=s
separate property, it does not clearly and convincingly rebut the community
presumption.[13]

B.  The Trucks and the BMW








In
addition, Bradley claims that the trial court erred by characterizing the Dodge
truck, the BMW, and the Ford truck as community property and contends that they
are his separate property.  Bradley,
however, offered no evidence of ownership of these vehicles other than the
following testimony of Shannon:  

Q.  And the three vehicles that you mentioned,
the 2004 Dodge truck, 1997 BMW, and the 1995 Ford truck, were those purchased
by Mr. Wilkinson before marriage?

 

A.  The Dodge truck was purchased before
marriage, the BMW was purchased before marriage, and the Ford truck was
purchased before marriage, but not by him.

 

Q.  And who was the Ford truck purchased by?

 

A.  The both of us. 

 

 

Although this testimony does establish that
Shannon and Bradley purchased the Dodge truck, the BMW, and the Ford truck Abefore
marriage,@ there is no clear and
convincing evidence tracing and clearly identifying Bradley as the owner of the
vehicles prior to marriage. 

C.  The Four-Wheelers

Bradley further contends that the trial court
mischaracterized two four-wheelers as community property.  He asserts that one four-wheeler is his
separate property and that the other four-wheeler is his and Shannon=s jointly
owned separate property.








The only evidence Bradley points to as
establishing ownership of the four-wheelers is the following testimony of
Shannon:

Q.  And the two children=s four-wheelers, how were
those purchased?

 

A.  One of those is his daughter=s, and the other one was
purchased before marriage by money in a joint account.

 

This testimony does not trace and clearly identify by clear and
convincing evidence the ownership of the four wheelers to either Bradley or
Shannon before marriage.  Although
Shannon mentions that money from a joint account was used to purchase one of
the four wheelers Abefore marriage,@ it does
not specify who purchased it.  Her
testimony is, therefore, insufficient to rebut the presumption that the four
wheelers possessed during marriage were community property. 

VI. 
Conclusion

Because Bradley has failed to produce clear and
convincing evidence that rebutted the community property presumption with
regard to the property at issue, the trial court did not abuse its discretion
in characterizing the property as community property and dividing it as part of
the community estate.  For 

 








these reasons, we overrule all of Bradley=s points
of error and affirm the trial court=s
judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; GARDNER and
WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED:  December 31, 2009   











[1]See Tex. R. App. P. 47.4.





[2]Shannon drew up the
contract for the purchase of this residence before the marriage.





[3]Murff v. Murff, 615 S.W.2d 696, 697B99 (Tex. 1981); see Tex.
Fam. Code Ann. ' 7.001 (Vernon 2006) (A[T]he court shall order a
division of the estate of the parties in a manner that the court deems just and
right, having due regard for the rights of each party. . .@).





[4]Bell v. Bell, 513 S.W.2d 20, 22 (Tex.
1974); Boyd v. Boyd, 67 S.W.3d 398, 406 (Tex. App.CFort Worth 2002, no
pet.).





[5]Tex. Fam. Code Ann. ' 3.003 (Vernon 2006); Stavinoha
v. Stavinoha, 126 S.W.3d 604, 608 (Tex. App.CHouston [14th Dist.]
2004, no pet.). 





[6]In re G.M., 596 S.W.2d 846, 847
(Tex.1980); State v. Addington, 588 S.W.2d 569, 570 (Tex.1979).





[7]See Tex. Fam. Code Ann. ' 101.007 (Vernon 2008); In
re J.F.C., 96 S.W.3d 256, 264 (Tex. 2002); Transp. Ins. Co. v. Moriel,
879 S.W.2d 10, 31 (Tex. 1994) (op. on reh=g); Stavinoha, 126 S.W.3d at 607.





[8]Evans v. Evans, 14 S.W.3d 343, 346 (Tex.
App.CHouston [14th Dist.]
2000, no pet.).





[9]See McKinley v. McKinley, 496 S.W.2d 540, 544
(Tex. 1973); Courtney v. Courtney, No. 14-01-01103-CV, 2002 WL 1732996,
at *4 (Tex. App.CHouston [14th Dist.] July
25, 2002, no pet.) (not designated for publication).





[10]See Zagorski v. Zagorski, 116 S.W.3d 309, 316
(Tex. App.CHouston [14th Dist.]
2003, pet. denied) (op. on reh=g).





[11]See, e.g., In re Marriage of
Santopadre, No. 05-07-00027-CV, 2008 WL 3844517, at *3 (Tex. App.CDallas Aug. 19, 2008, no
pet.) (mem. op.) (holding that husband=s failure to produce documentary evidence
establishing the time and means by which he originally obtained possession of
assetsCincluding a pensionCprecluded trial court
from finding that husband met clear and convincing standard notwithstanding
husband=s testimony that the
assets were his separate property); Rogers v. Rogers, No.
14-00-00077-CV, 2001 WL 1013405, at *3 (Tex. App.CHouston [14th Dist.]
Sept. 6, 2001, pet. denied) (mem. op., not designated for publication) (holding
that A[wife=s] contradictory, vague,
and equivocal testimony, without more, was insufficient for a reasonable jury
to determine under the clear and convincing standard that the funds, at their
inception, were her separate property@ and that evidence made it Aimpossible to accurately
segregate and identify which portions of the account belong to whom@); Brehm v. Brehm,
No. 14-99-00055-CV, 2000 WL 330076, at *3 (Tex. App.CHouston [14th Dist.] Mar.
30, 2000, no pet.) (not designated for publication) (reasoning that husband=s testimony that he
purchased certificate of deposit with separate assets, without documentary
evidence tracing the supposedly separate funds was insufficient to rebut the
community property presumption, notwithstanding wife=s failure to provide
controverting testimony).





[12]Akin v. Akin, 649 S.W.2d 700, 703
(Tex. App.CFort Worth 1983, writ ref=d n.r.e.).





[13]See Evans, 14 S.W.3d at 346.