In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00323-CV
_____

**SHIRLEY JOHNSON, Appellant**

**V.**

**JOSIE JOHNSON, Appellee**

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-213,044**

**MEMORANDUM OPINION**

Shirley Johnson and Josie Johnson were married on June 23, 2001. In August 2011, Josie filed a petition for divorce. No children were born to or adopted of the marriage. After conducting a bench trial, the trial court dissolved the marriage and divided the community estate.

Shirley appeals from the final divorce decree and raises two appellate issues. First, he contends that the trial court abused its discretion in awarding an unequal

1

division of the marital property to Josie. Second, he contends that the evidence does not support an unequal division because there is no evidence of fault. We affirm the judgment of the trial court.

Under section 7.001 of the Texas Family Code, the trial court must divide community property in a "just and right" manner. Tex. Fam. Code Ann. § 7.001 (West 2006). Trial courts may exercise wide discretion in ordering property division. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998); *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Ohendalski v. Ohendalski*, 203 S.W.3d 910, 914 (Tex. App.—Beaumont 2006, no pet.). Thus, we review property-division issues for abuse of discretion. *Murff*, 615 S.W.2d at 698. A trial court abuses its discretion when it acts arbitrarily or unreasonably, and without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

The court's division of property need not be equal, and we presume the trial court properly exercised its discretion in determining the value and division of marital property. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974). A trial court may award an unequal division of marital property when a reasonable basis exists for doing so. *Loaiza v. Loaiza*, 130 S.W.3d 894, 899 (Tex. App.—Fort Worth 2004, no pet.). "Legal and factual sufficiency are relevant factors, rather than independent bases for reversal, in determining whether the trial court abused its discretion."

*Aduli v. Aduli*, 368 S.W.3d 805, 819 (Tex. App.—Houston [14th Dist.] 2012, no pet.). "The party attacking the property division bears the heavy burden of showing that the trial court's property division was not just and right." *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied).

In exercising its discretion to divide the community estate, the trial court may consider several factors, including each party's earning capacity, abilities, education, business opportunities, physical health, financial condition, age, and size of separate estates, as well as any future needs for support, custody of any children, reimbursements, gifts to a spouse during marriage, fault in the breakup of the marriage, length of the marriage, and a spouse's dissipation of the estate. *Murff*, 615 S.W.2d at 699; *Hailey v. Hailey*, 176 S.W.3d 374, 380 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Baccus v. Baccus*, 808 S.W.2d. 694, 700 (Tex. App.—Beaumont 1991, no writ). Because the trial court has "the opportunity to observe the parties on the witness stand, determine their credibility, evaluate their needs and potentials, both social and economic[,]" we will defer to the trial court's factual resolutions and any credibility determinations. *See Murff*, 615 S.W.2d at 700.

In his appellate brief, Shirley does not identify or present this Court with any substantive argument as to how the division of the property was disproportionate.

He simply broadly asserts that the division was disproportionate. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires an appellant to include in his brief "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Therefore, if an appellant contends that there has been an abuse of discretion by the trial court, the appellant must demonstrate how the trial court acted unreasonably or arbitrarily, by misapplying the law or by acting without reference to guiding rules and principles. *See Worford*, 801 S.W.2d at 109; *see also* Tex. R. App. P. 38.1(i).

Despite Shirley's failure to provide any substantive argument with appropriate citations to authorities and to the record, we will briefly address this issue. In the trial court's Findings of Fact, the trial court states that the parties admitted evidence to support the court's division of the parties' estate. The record reflects that the court considered evidence of Shirley's greater earning power and his ability to support himself, Shirley's employability relative to Josie's, Shirley's fault in the breakup of the marriage, the nature of the community property involved in the division, Josie's need for further support, Shirley's failure to follow court orders, the community estate's indebtedness and liabilities, Shirley's waste of community assets during the marriage, the size and nature of the parties' separate estates, and the attorneys' fees of each party. We conclude Shirley has failed to

4

overcome the presumption that the trial court properly exercised its discretion in dividing the community estate. *See Murff*, 615 S.W.2d at 699; *see also Bell*, 513 S.W.2d at 22. Shirley has not met his heavy burden of showing that the trial court's property division was not just and right and failed to demonstrate that the trial court's evaluation of the evidence resulted in an abuse of discretion. *See Pletcher*, 9 S.W.3d at 446. Accordingly, we overrule Shirley's first issue and affirm the judgment.[1]

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 1, 2013
Opinion Delivered September 26, 2013

Before McKeithen, C.J., Gaultney and Kreger. JJ.

---

[1] Having overruled Shirley's first issue, we need not and do not address his second issue. *See* Tex. R. App. P. 47.1.